

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

MAR −2 2018

Clerk, U.S. District Court
Texas Eastern

|  |  |  |
|---|---|---|
| **DAVID E. MACK** <br> *Plaintiff,* | § <br> § <br> § <br> § | |
| | § | Case No 4:18-CV-142 |
| vs | § | |
| | § | |
| **PORTFOLIO RECOVERY** | § | Judge MAZZANT |
| **ASSOCIATES, LLC** | § | |
| *Defendant.* | § | |
| | § | **TRIAL BY JURY DEMANDED** |
| | § | |
| | § | |

## COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227

### JURISDICTION

1. This court has jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C §1331.

2. All conditions precedent to the bringing of this action have been performed.

### PARTIES

3. The Plaintiff in this lawsuit is David E. Mack, a natural person, who resides in Collin County, Texas.

4. The Defendant in this lawsuit is Portfolio Recovery Associates, LLC (PRA) which is a debt buyer and debt collector with offices at 120 Corporate Blvd., Suite 100, Norfolk, VA 23502.

### VENUE

5. The occurrences which give rise to this action occurred in Collin County, Texas and Plaintiff resides in Collin County, Texas.

6. Venue is proper in the Eastern District of Texas Sherman Division.

## FACTUAL ALLEGATIONS

7.  Plaintiff received phone calls from the Defendant on his wireless telephone numbers 901-359-0861 and 225-747-0947.

8.  On or about March 11, 2014 PRA made the first of 64 calls to Plaintiff's wireless phone number **901-359-0861** from phone number 620-263-3537 which was one of 11 different numbers that PRA eventually used to place calls to that number.

9.  The numbers that PRA used to place calls to **901-359-0861** were 620-263-3537, 440-637-5278, 731-345-4195, 404-719-4368, 412-235-6111, 205-396-3619, 510-343-3502, 757-275-8991, 731-577-4188, 731-577-4212 and 757-663-7884.  All calls to that number occurred between March 11, 2014 and November 11, 2014.

10. The numbers that PRA used to place calls to **225-747-0947** were 757-819-5915, 205-238-6074, 757-320-1591, 757-320-1592, 620-708-4298 and 205-379-6014.  All calls to that number occurred between May 23, 2016 and July 12, 2016.

11. Upon information and belief PRA placed all calls except the last call to 225-747-0947 using ATDS capable equipment where there was never a live person on the line when Plaintiff answered on numerous occasions.  On the last call made to **225-747-0947** on July 12, 2016 Plaintiff answered and there was a live person immediately on the line.  The agent asked for an unknown person.  Plaintiff stated that person was not at that number and was informed that the number would be deleted.  Plaintiff received no further calls from PRA.

12. The calls made to Plaintiff's wireless phones were not for an emergency purpose and were made without consent to do so, express or otherwise, of the Plaintiff having been given and PRA in doing so violated Plaintiff's right to privacy under 47 U.S.C. § 227 *et seq.*

13. Plaintiff has Article III standing in that he suffered concrete and particularized injuries as a result of the calls from PRA in the following ways among others:  that during those numerous calls Plaintiff's phones were not available for his own use, he paid for airtime to answer the numerous calls where no live person ever came on the line, the calls violated Plaintiff's right to privacy in that he had to stop what he was doing and focus his attention on numerous calls where there was no live person on the line.  Also on at least one occasion when Plaintiff received a call with no live person on the line the distraction caused him to miss a futures trade and profits in the gold futures market of $400.

14. Plaintiff made handwritten notes to document the details of the calls to his wireless phone numbers 901-359-0861 and 225-747-0947 at or near the time the calls occurred as shown on the spreadsheet attached as Exhibit 1 which was compiled from information in his handwritten notes.  Plaintiff also has photos of the display of his phone of a number of the calls showing the duration of the calls among other information including the calling number.

15. On the numerous occasions when Plaintiff would answer Defendant's calls nobody would say anything and there would be only dead air or he would be hung up on with nothing said by the calling party sometimes almost immediately after answering.

16. Plaintiff is a futures day trader and must stay focused on the markets without distraction during trading hours during the morning to mid-afternoon on weekdays.  Plaintiff suffered actual damages when he received one of the numerous calls with no live person on the line during trading hours and the distraction caused him to miss a trade in the gold futures that would have produced four hundred dollars in profits.

17. On at least 16 occasions when Plaintiff answered the calls he stated "quit calling this phone" or "quit calling this number" but there was no live person that responded and on numerous other occasions he was hung up on after answering with nothing said by the caller.

18. Upon information and good-faith belief, the telephone calls identified above were placed to Plaintiff's wireless phone number using an automatic telephone dialing system (ATDS).

19. Upon information and belief Defendant used equipment that had the capacity to store numbers to be dialed when making the calls to Plaintiff.

20. Upon information and belief, Defendant placed the calls to the Plaintiff identified above voluntarily.

21. Upon information and belief, Defendant placed the calls to the Plaintiff identified above under its own free will.

22. Upon information and belief, the Defendant had knowledge that it was using an automatic telephone dialing system to place each of the telephone calls identified above.

23. Upon information and belief, Defendant intended to use an automatic telephone dialing system to place each of the telephone calls identified above.

24. Upon information and belief, Defendant maintains business records that show all calls Defendant placed to Plaintiff's wireless telephone numbers.

25. At the times that all of the above identified calls were received on his wireless phones Plaintiff was the subscriber to 901-359-0861 and 225-747-0947and was the sole person having custody and control of the phones and paid for the airtime for those numbers.

26. Plaintiff felt extremely, continually and constantly harassed receiving so many phone calls over an extended period when there was never a live person who spoke on any of the calls.

On a number of occasions multiple calls were made the same day with no live person on the line who spoke when Plaintiff answered.

27. Plaintiff sustained actual damages in the form of airtime used he paid for while answering calls when there was no live person who spoke as well as in diminishment of battery life and other wear and tear on his phones.  Plaintiff also sustained actual damages in the form of approximately four hundred dollars in lost profits while trading due to the interruption of his concentration and focus causing him to miss a trade while trading the gold futures market.  In addition Plaintiff suffered the aggravation and stress involved in receiving the numerous calls with no caller on the line disrupting his life and intruding on his seclusion and right to privacy.

28. This action is brought within the statute of limitations pursuant to 47 U.S.C. § 227 because all calls made by the Defendant and received by Plaintiff occurred within 4 years of the filing of this action.

29. Plaintiff sent a Notice of Intent to Sue to the Defendant which was received by it on May 6, 2016 in an effort to mitigate damages and settle all claims without litigation.  Plaintiff received a response from Defendant to his Notice on May 25, 2016 but the parties were not able to reach a settlement of the claims prior to litigation.

## COUNT I

## VIOLATIONS OF THE TCPA 47 U.S.C. § 227(b)(1)(A)(iii)

30. Plaintiff repeats and re-alleges each and every allegation stated above.

31. Defendant's aforementioned conduct violated the TCPA, 47 U.S.C. § 227 *et. seq.*

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a.   Adjudging that PRA violated the TCPA 47 U.S.C. § 227 *et seq.*

b.  Awarding Plaintiff statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B)(C) of
$500 for the first call and $1500 for each call thereafter, excluding the last call to 225-
747-0947, made to Plaintiff's wireless phone as knowing and/or willful violations;

c.  Awarding Plaintiff  $400 for lost profits in the gold futures market;

d.  Awarding Plaintiff any fees and costs incurred in this action;

e.  Awarding Plaintiff any post-judgment interest as may be allowed under the law;

f.  Awarding such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully Submitted,

David E. Mack
7720 McCallum Blvd. #2099
Dallas, Texas 75252
972-735-9642
mack2001@swbell.net