**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **David E. Mack,** | § | |
| | § | |
| ***Plaintiff,*** | § | |
| | § | |
| **v.** | § | **Case No. 4:18-cv-00142-ALM-CAN** |
| | § | |
| | § | |
| **Portfolio Recovery Associates, LLC,** | § | |
| | § | |
| ***Defendant.*** | § | |

**REPORT OF RULE 26(f) PLANNING CONFERENCE**

In accordance with the Court's Order to Conduct Rule 26(f) Conference dated March 29, 2018, and the Federal Rules of Civil Procedure, David Mack (Plaintiff) and Portfolio Recovery Associates, LLC (Defendant), hereby submit this Report of Rule 26(f) Planning Meeting and state as follows:

**1.** **Rule 26(f) Conference:** The Rule 26(f) Conference was held on April 13, 2018 between Plaintiff David Mack *pro se*, and Xerxes Martin, counsel for Portfolio Recovery Associates, LLC.

**2.** **Description of the Case:**

**A.** **Plaintiff's Factual and Legal Contentions:** Plaintiff alleges that Portfolio Recovery Associates, LLC made at least 70 calls to his cell phones using an ATDS without his consent to do so in violation of the Telephone Consumer Protection Act. (TCPA) 47 U.S.C. § 227 *et seq*.

**B.** **Defendant Portfolio Recovery Associates, LLC's Factual and Legal Contentions:** Defendant denies any violations of the TCPA. The system utilized by Defendant

does not qualify as an ATDS under the TCPA. In addition, Defendant avers the recent opinion of the Court of Appeals for the District of Columbia, *ACA Int'l et al. v. FCC et al.*, Case No 15-121, 2018 WL 135922 (D.C. Cir. Mar. 16, 2018), provides further guidelines establishing Defendant's telephone system does not qualify as an ATDS under the TCPA.

**3.** **Jurisdictional Basis:** Federal Question Jurisdiction, 28 U.S.C. § 1331 and 47 U.S.C. § 227.

**4.** **Parties:**

**A. Plaintiff, David Mack**

**B. Defendant, Portfolio Recovery Associates, LLC**

**5.** **Related Cases:** *In Re: Portfolio Recovery Associates, LLC, Telephone Consumer Protection Act Litigation*, 3:11-md-02295-JAH-BGS, pending in the United States District Court for the Southern District of California.

**6.** **Initial Disclosures:** The parties will complete the initial mandatory disclosures by **April 30, 2018** as required by this Court's March 29, 2018 Order.

**7.** **Proposed Scheduling Order Deadlines:**

(1) Deadline for Motions to Transfer: **May 25, 2018.**

(2) Deadline to add parties: **June 29, 2018.**

(3) If the parties plan to mediate, state date parties propose: N/A

(4) Plaintiff's disclosure of expert testimony pursuant to Fed. R. Civ. P. 26(a)(2) and Local Rule CV-26(b): **July 27, 2018.**

(5) Deadline for Plaintiff to file amended pleadings: **August 10, 2018.**

(6) Defendant's disclosure of expert testimony pursuant to Fed. R. Civ. P. 26(a)(2) and Local Rule CV-26(b): **August 24, 2018.**

(7) Deadline to object to any other party's expert witnesses is **6 weeks** after disclosure of an expert is made.

(8) Deadline for Defendant's final amended pleadings: **August 24, 2018.**

(9) All discovery shall be commenced in time to be completed by **October 19, 2018.**

(10) Deadline for motions to dismiss, motions for summary judgment, or other dispositive motions: **November 16, 2018.**

(11) Notice of intent to offer certified records: **February 15, 2019.**

(12) Counsel and unrepresented parties are responsible for contacting opposing counsel and unrepresented parties to determine how they will prepare the Joint Final Pretrial Order and Joint Proposed Jury Instructions and Verdict Form by **February 15, 2019.**

(13) Video deposition designations are due by **February 22, 2019.**

(14) Motions in limine are due by **February 21, 2019.**

(15) Responses to motions in limine, objections to witnesses, deposition extracts and exhibits listed in the pre-trial order are due by **March 15, 2019.**

(16) The parties will file the proposed jury instructions/form of verdict by **March 15, 2019.**

8. **Mediation:** The parties decline mediation in this matter.

9. **Identity of Persons Expected to be Deposed:**

A. **Plaintiff:** Plaintiff will depose corporate representatives of Defendant and any other persons identified who have relevant information.

B. **Defendant Portfolio Recovery Associates, LLC: Defendant will depose Plaintiff and any expert(s) designated by Plaintiff. Defendant reserves the right to depose witnesses identified by Plaintiff as having relevant information, as well as any individual otherwise revealed in discovery who may possess relevant information or knowledge.**

**10. Any Issues Relating to Disclosure or Discovery of Electronically Stored Information:** None at this time.

**11. Whether any Other Orders Should be Entered by the Court Pursuant to Fed. R. Civ. P. 26(c), 16(b) or 16(c):** Both parties will agree to a protective order regarding discovery.

**12. Expected Length of Trial:** The parties anticipate trial will take 1-2 days.

**13. Attorneys Appearing on Behalf of the Parties at the Management Conference:**

David E. Mack appearing *pro se*

For Portfolio Recovery Associates, LLC: Xerxes Martin

**14. Any Other Matters Counsel Deem Appropriate for Inclusion in the Joint Conference Report:** The parties do not consent to a trial before a magistrate judge.

**[SIGNATURE BLOCK ON NEXT PAGE]**

Dated: April 19, 2018.

Respectfully submitted,

**MALONE AKERLY MARTIN PLLC**

*/s/ Robbie Malone*
ROBBIE MALONE
State Bar No. 12876450
Email: rmalone@mamlaw.com
EUGENE XERXES MARTIN, IV
State Bar No. 24078928
Email: xmartin@mamlaw.com
**MALONE AKERLY MARTIN PLLC**
NorthPark Central, Suite 1850
8750 North Central Expressway
Dallas, Texas 75231
T: 214-346-2630 | F: 214-346-2631

***COUNSEL FOR PORTFOLIO RECOVERY ASSOCIATES, LLC***

*/s/ David E. Mack with permission*
David E. Mack
7720 McCallum Blvd. #2099
Dallas, Texas 75252
972-735-9642
mack2001@swbell.net

**PLAINTIFF, *PRO SE***